Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim for Compensation under the Workmen's Compensation Law for the Death of MARTIN STEMFFLER, *v.* J. RHEINFRANK & COMPANY, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

STATE TREASURER, Respondent.

Third Department, December 29, 1919.

**Workmen's Compensation Law — section 15, subdivision 7 — payment to State Treasurer for death of person leaving no one entitled to compensation — effect of payment of compensation to employee before death.**

The right of the State Treasurer to recover $100 required by section 15, subdivision 7, of the Workmen's Compensation Law to be paid to him in every case of injury causing death in which there are no persons entitled to compensation, will not be defeated by the fact that the deceased himself received compensation for a brief period for disabilities arising from the injury which finally resulted in his death.

APPEAL by the defendants, J. Rheinfrank & Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 18th day of June, 1919, directing the payment of $100 to the State Treasurer.

*Amos H. Stephens* [*E. C. Sherwood* and *William B. Davis*, of counsel], for the appellants.

*Charles D. Newton*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondents.

H. T. KELLOGG, J.:

It is provided in subdivision 7 of section 15 of the Workmen's Compensation Law (added by Laws of 1916, chap. 622, as amd. by Laws of 1917, chap. 705): "The insurance carrier shall pay to the State Treasurer for every case of injury causing death in which there are no persons entitled to compensation the sum of one hundred dollars." The deceased, for whose death an award under this provision was made, left him surviving no widow, child or dependent relative, and, therefore,

no person entitled to compensation.    The fact that the deceased himself received compensation for a brief period for disabilities resulting from his injuries has no significance.    An award is payable to the State Treasurer in a " case of injury causing death," and although the person dying temporarily receives compensation for disabilities during life, he is nevertheless not, within the meaning of the provision, a person " entitled to compensation " in a " case of injury causing death " for the very obvious reason that when the payment is or can be made there has arisen no such case.

The award should be affirmed.

Award unanimously affirmed.